## CO-OPERATIVE FOUNDRY CO. v. UNITED STATES.

District Court, W. D. New York. November 7, 1928.

Carnahan, Pierce & Block, of Rochester, N. Y. (Albrecht, Maguire & Mills, of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., and Richard A. Grimm, Asst. U. S. Atty., both of Buffalo, N. Y. (C. M. Charest, General Counsel, Bureau of Internal Revenue, and R. W. Wilson and John H. Pigg, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for the United States.

ADLER, District Judge. The question to be determined in this action is whether the sum of $100,000, which amount, it is claimed by the plaintiff, is the value of flasks, patterns, molds, and fallow boards, should be added to the invested capital of the plaintiff. The plaintiff is a corporation engaged in the manufacture of cast-iron furnaces, stoves, and ranges. It appears that prior to the year 1917, these patterns, flasks, and fallow boards were not capitalized, but the expense of making them was charged on the books to the expense of the year in which they were made. As they wore out, they were replaced or repaired, and the cost of replacement or repair was charged to expense. In 1917, the plaintiff, believing that the value of the patterns, flasks, and fallow boards should be included in the invested capital, proceeded to determine their value. To do so it took an actual physical inventory of the articles on hand, and then had this inventory priced by the pattern foreman who had charge of making them. He testified that he determined the cost from the amount of time that was put on making them, the wages that were paid at that time, and the value of the material used. No overhead was included in the cost. It appears that the pattern foreman, Kennedy, designed the patterns and was in charge of the shop, which was devoted exclusively to the making and repairing of the patterns. He testified that he had time sheets going back to 1909. The cost of the patterns, flasks, and fallow boards on hand in 1917 was by this method fixed at $100,645.20, and the plaintiff set up this cost at the even amount of $100,000, and claimed this amount as invested capital on its 1917 tax return.

"Invested capital" has been authoritatively defined as the laying out of money, or money's worth, either by an individual in acquiring an interest in the concern with a view to obtaining income or profit from the conduct of its business, or by the concern itself in acquiring something of permanent use in the business; in either case involving a conversion of wealth from one form into another suitable for employment in the making of the hoped-for gain. La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998.

■ I am of the opinion that the patterns, molds, flasks, and fallow boards are of such a character and have sufficient life as to warrant their being capitalized, and their value may be classed as invested capital.

In the case of the Sneath Glass Co., reported in 1 U. S. B. T. A. at page 736, Docket No. 346, a similar question arose. In that case the evidence showed that some of the molds and patterns lasted from a day or two to five years. In that case, as in this one, the corporation had prior to 1917 charged to expense the cost of the manufacture or purchase of the molds and patterns; and no capital account had ever been maintained in respect to them. It was decided in the Sneath Case that it was entirely proper for the taxpayer to charge these items as expenses, and that the taxpayer was not entitled to include in invested capital the estimated cost of the molds and patterns acquired in past years. The opinion in that case does not discuss the question of the life of the molds and patterns in its bearing on the decision. The evidence showed that some of these molds and patterns had an ephemeral life, in some cases as short as a day or two. This fact must have had weight in determining that their value could not be classed as invested capital.

In the instant case the testimony is that the molds, patterns, flasks, and fallow boards had a life covering a considerable period of years. It further appears that none of them were made for special job equipment for the reason that the taxpayer did not make special castings and made them only for its regular lines which continued in use for a number of years. For that reason I think that the facts in the Sneath Glass Co. Case differ materially from the facts in this case. In the instant case my opinion is that the evidence shows that the patterns, molds, flasks, and fallow boards have a probable life so long that they may be classed as invested capital if the value of such articles is properly set up.

■ In this case, however, I do not think that their value has been determined on any proper basis. All that was done was to take an inventory of the articles on hand and have a shop foreman fix their cost from the cost of running his shop for the years during which these articles were produced and in use. It does not appear whether or not the cost of making repairs has gone into the cost of the articles. It does not appear from the testimony whether or not, in figuring the cost, the time put on each separate article was figured, or whether it was simply a lump-sum estimate. It does not appear from the testimony over what period of years these costs were figured, nor does it appear in what years any particular articles were made.

Further, the value of each article once fixed is subject to depreciation based on its probable life. Plaintiff contends that on account of these articles being at all times maintained in condition to make a perfect casting, and because all expenditures for current replacement and repair are charged off each year as expense of operation, no amount should be charged off for depreciation. I do not follow that reasoning. These articles are subject to depreciation just as buildings, machinery, and office furniture are subject to depreciation which are also in constant and efficient use until for some reason they are discarded.

In this case there has been no evidence produced to warrant the court in setting up the patterns, molds, flasks, and fallow boards as invested capital at any proper figure.

Decree for defendant in accord with this opinion may be submitted.